UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VICTORIA BRAIK,<br><br>    Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., et al.,<br><br>    Defendants. | Case No. 25-cv-10083-VKD<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE;**<br><br>**REPORT AND RECOMMENDATION FOR DISMISSAL**<br><br>Re: Dkt. No. 7 |

On November 21, 2025, plaintiff Victoria Braik, who is representing herself, filed a complaint asserting ten claims against defendants Southwest Airlines Co.; Travelport, LP; Sabre GLBL, Inc.; Amadeus North America, Inc.; and Deutsche Lufthansa Aktiengesellschaft. Dkt. No. 1. Ms. Braik also filed an application to proceed *in forma pauperis* ("IFP"). Dkt. No. 2. On December 3, 2025, the Court granted Ms. Braik's IFP application but found her complaint failed to plausibly allege a basis for the Court's exercise of subject matter jurisdiction. Dkt. No. 6. The Court gave Ms. Braik an opportunity to amend her complaint. *Id.* On December 22, 2025, Ms. Braik filed an amended complaint now asserting eleven claims against the same defendants. Dkt. No. 7.

For the reasons discussed below, the Court directs the Clerk of the Court to reassign this matter to a district judge, with the recommendation that the amended complaint be dismissed for lack of subject matter jurisdiction, without prejudice to filing an appropriate complaint in state court.

# REPORT AND RECOMMENDATION

## I. BACKGROUND

### A. Ms. Braik's Amended Claims

In the amended complaint, Ms. Braik invokes the Court's federal question jurisdiction under 28 U.S.C. § 1331, citing the Montreal Convention, the Airline Deregulation Act of 1978 ("ADA"), and the Foreign Sovereign Immunities Act of 1976 ("FSIA"). Dkt. No. 7 at 2. Ms. Braik asserts eleven claims against defendants. *Id.* at 6-16. The factual allegations in the amended complaint do not differ in any material respect from those of the original complaint. *Compare* Dkt. No. 1 *with* Dkt. No. 7. As in the original complaint, Ms. Braik alleges that on August 26, 2025, she purchased a ticket from United Airlines ("United") to travel from San Francisco, California, to Warsaw, Poland, and then to Los Angeles, California. Dkt. No. 7 at 4. She "separately" booked a flight with defendant Southwest Airlines Co. ("Southwest") to fly from Los Angeles, California to San Jose, California after her Warsaw to Los Angeles flight. *Id.*

On September 14, 2025, she traveled with her dog from Warsaw, Poland to Los Angeles, California on a United/Lufthansa Airlines flight. *Id.*; *see also id.* at 21. On the same date, Ms. Braik paid a $150 pet fee to defendant Lufthansa Aktiengesellschaft ("Lufthansa"). *Id.* at 4. When she arrived in Los Angeles, Ms. Braik alleges that Southwest would not permit her and her dog to board the flight to San Jose because she had not paid a pet fee for her dog. *Id.*

Ms. Braik contends that because she had flown in from Poland to Los Angeles earlier in the day, the Southwest flight to San Jose should be considered a "continu[ance] of international trip," and not a separate domestic flight. *Id.* Specifically, she alleges that because Southwest, United, and Lufthansa use the same "global distribution systems" for ticketing, defendants "knew in advance (or should have known)" that Ms. Braik was arriving on an international United/Lufthansa flight from Poland and that she had a short connection for her domestic Southwest flight from Los Angeles to San Jose, and therefore, the "next domestic flight to [San Jose]" must be considered a "continuance of [her] international flight." *Id.* at 5.

Ultimately, Ms. Braik paid Southwest a $125 pet fee and was permitted to board the flight with her dog. *Id.* at 4. Thereafter, Ms. Braik wrote to Southwest requesting a refund of the $125

pet fee. *Id.* Ms. Braik alleges that Southwest has not responded to her request. *Id.*

In her amended complaint, Ms. Braik asserts two claims against Southwest: (1) unjust enrichment and (2) unfair and deceptive business practices in violation of California's Unfair Competition Law. *Id.* at 7, 9. She asserts five claims against Southwest and Lufthansa: (1) violation of the Montreal Convention and the Warsaw Convention; (2) false advertising in violation of California Business and Professions Code §§ 17500 et seq.; (3) breach of the covenant of good faith and fair dealing; (4) breach of contract; and (5) negligent infliction of emotional distress. *Id.* at 6, 8, 10-12. Finally, she asserts four claims against three companies that provide global distribution systems—defendants Travelport, LP; Sabre GLBL, Inc.; Amadeus North America, Inc. (collectively, "GDS defendants"): (1) detrimental reliance/promissory estoppel; (2) tortious interference with contracts; (3) false advertising; and (4) unfair and deceptive business practices in violation of California's Unfair Competition Law. *Id.* at 13-16.

Ms. Braik continues to seek injunctive relief and monetary damages in different amounts for each of her claims, as well as punitive damages. *Id.* at 17.

### B. Ms. Braik's Prior Action (*Braik I*)

As noted in the screening order, Ms. Braik admits that this action "raise[s] claims that have been presented in other lawsuits." Dkt. No. 2 at 4. On September 29, 2025, Ms. Braik filed an action in this District, asserting seven claims against Southwest, including claims for violation of the Montreal Convention and the Warsaw Convention, unjust enrichment, and breach of contract. *See Braik v. Southwest Airlines Co.*, No. 25-cv-08269-EJD ("*Braik I*"), Dkt. No. 1. The claims in *Braik I* are based on the same allegations that form the basis for Ms. Braik's amended complaint—i.e., her dispute with Southwest regarding payment of a pet fee in connection with her September 14, 2025 flight from Los Angeles to San Jose. *Compare id. with* Dkt. No. 7.

On October 15, 2025, this Court granted Ms. Braik's IFP application in *Braik I*, but determined that the complaint failed to plausibly allege a violation of the Montreal Convention,[1] and therefore, failed to plausibly allege a basis for the Court's exercise of subject matter

---

[1] The Court noted that the Montreal Convention superseded the older Warsaw Convention. *Braik I*, Dkt. No. 7 at 4.

3

1  jurisdiction. *Braik I*, Dkt. No. 7 at 5. The Court gave Ms. Braik leave to file an amended
2  complaint. *Id.*
3        Ms. Braik's amended complaint in *Braik I* also failed to plausibly allege a basis for federal
4  subject matter jurisdiction. *Braik I*, Dkt. No. 13 at 6. The Court noted that the "amended
5  complaint [did] not differ in any material respect from the original complaint." *Id.* at 2. Because
6  not all parties had consented to magistrate judge jurisdiction, the Court directed that the case be
7  reassigned to a district judge, with a report and recommendation that the amended complaint be
8  dismissed without further leave to amend for lack of subject matter jurisdiction, and without
9  prejudice to filing an appropriate complaint in state court. *Id.* at 6.
10        After the case was reassigned to the Honorable Edward J. Davila, Ms. Braik filed a motion
11  for leave to further amend the complaint to join three defendants, Sabre GLBL, Inc., Travelport,
12  LP, and Amadeus North America, Inc.—the same GDS defendants she names in her amended
13  complaint in this action. *See Braik I*, Dkt. No. 16 at 1. Ms. Braik claimed the three new
14  defendants prevented Southwest from seeing Ms. Braik's earlier international flight from Poland
15  to Los Angeles on the ticketing system, resulting in Southwest's failure to consider her Los
16  Angeles to San Jose flight as a continuation of her international trip—the same allegations she
17  makes in her amended complaint here. *Id.* at 2. Ms. Braik also filed an objection to the
18  undersigned's report and recommendation. *Braik I*, Dkt. No. 18. On November 19, 2025, Judge
19  Davila adopted the undersigned's report and recommendation in full over Ms. Braik's objection
20  and dismissed the amended complaint in *Braik I* without prejudice to filing an appropriate
21  complaint in state court. *Braik I*, Dkt. No. 19 at 3. Judge Davila stated that Ms. Braik's objection
22  "merely reasserts the same arguments that Judge DeMarchi squarely addressed in the Report." *Id.*
23  at 2. He also rejected Ms. Braik's argument that dismissal of the prior action would result in an
24  official withdrawal of the United States from the Montreal Convention because Ms. Braik "[did]
25  not cite—nor can the Court find—any authority supporting these broad assertions." *Id.* at 2-3. In
26  the same order, Judge Davila also denied Ms. Braik's motion for leave to further amend her
27  complaint, stating that Ms. Braik had already been "given an opportunity to amend her complaint
28  and failed to cure the jurisdictional defect" and had not identified "additional facts that [she] could

1    allege on further amendment that would establish the requisite subject matter jurisdiction for the

2    Court to hear this case." *Id.* at 3.  Judge Davila entered judgment in *Braik I* on November 19,

3    2025, and the Clerk closed the case.  *Braik I*, Dkt. No. 20.

## II.   LEGAL STANDARD

A complaint must establish a basis for the Court to exercise federal subject matter jurisdiction.  *See Ngoc Lam Che v. San Jose/Evergreen Cmty. Coll. Dist. Found.*, No. 17-cv-00381-BLF, 2017 WL 2954647, at *2 (N.D. Cal. July 11, 2017) ("Limits upon federal jurisdiction must not be disregarded or evaded.").  Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, as well as civil actions where there is diversity of citizenship and the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs), 28 U.S.C. § 1332.  The Court has a duty to determine whether it has subject matter jurisdiction.  Fed. R. Civ. P. 12(h).

While pro se pleadings are liberally construed, a complaint does not state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 12(b)(6).  A complaint must include facts that are "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."  *Twombly*, 550 U.S. at 545.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim is plausible if the facts pled permit the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.  *Id.*

## III.  DISCUSSION

As noted above, the amended complaint invokes the Court's federal question jurisdiction under 28 U.S.C. § 1331, citing the Montreal Convention, the ADA, and the FSIA. Dkt. No. 7 at 2.  Because the sole basis for federal subject matter jurisdiction is the assertion of claims arising under federal law, the Court considers whether the allegations of the amended complaint plausibly support the exercise of federal question jurisdiction.

### A.   Montreal Convention

Under § 1331, federal courts "have original jurisdiction of all civil actions arising under

the Constitution, laws, or treaties of the United States." *Negrete v. City of Oakland*, 46 F.4th 811, 816 (9th Cir. 2022), *cert. denied sub nom. Negrete v. City of Oakland, California*, 143 S. Ct. 781 (2023) (citation omitted). Here, Ms. Braik asserts a claim for relief based on an alleged violation of the "Montreal/Warsaw conventions." Dkt. No. 7 at 6. The Montreal Convention is an international treaty that covers "all international carriage of persons, baggage or cargo performed by aircraft for reward." Convention for the Unification of Certain Rules for International Carriage by Air ("Montreal Convention"), Art. 1, May 28, 1999, S. Treaty Doc. No. 106-45, 1999 WL 33292734. The United States is a party to the Montreal Convention. *See* Int'l Civil Aviation Org., Convention for the Unification of Certain Rules for International Carriage by Air Done at Montreal on 28 May 1999, https://www.icao.int/sites/default/files/secretariat/legal/CurrentListofParties/Mtl99_EN.pdf. As Ms. Braik appears to acknowledge, *see* Dkt. No. 7 at 6, the Montreal Convention supersedes the much older Warsaw Convention. *Yakub v. Qatar Airways Grp. (Q.C.S.C)*, No. 25-cv-04142-JCS, 2025 WL 1927599, at *3 (N.D. Cal. July 14, 2025) (citation omitted).

Ms. Braik alleges that Southwest violated articles 1(3), 19, 22(2), 26, and 36 of the Montreal Convention by "caus[ing] a delay of Plaintiff forever when she argued at the gate with representative." Dkt. No. 7 at 6. The amended complaint's allegations do not state a plausible claim for violation of the Montreal Convention because they concern a purely domestic flight from Los Angeles to San Jose, rather than an international flight. *See id.* Citing articles 1(3) and 36 of the Montreal Convention, Ms. Braik contends that her flight from Los Angeles to San Jose should be considered part of her international flight from Poland. *See id.* Article 1, section 3 of the Montreal Convention provides:

> Carriage to be performed by several successive carriers is deemed, for the purposes of this Convention, to be one undivided carriage if it has been regarded by the parties as a single operation, whether it had been agreed upon under the form of a single contract or of a series of contracts, and it does not lose its international character merely because one contract or a series of contracts is to be performed entirely within the territory of the same State.

6

Montreal Convention, Art. I, sec. 3. Article 36 provides that where carriage is performed by "successive carriers," liability is limited to the carrier "which performed the carriage during which the accident or the delay occurred, save in the case where, by express agreement, the first carrier has assumed liability for the whole journey." *Id.*, Art. 36. There are no factual allegations in the amended complaint to support any inferences that United, Lufthansa, and Southwest regarded themselves as a single operation in connection with Ms. Braik's travel itinerary ending in San Jose, California, or that the ticket Ms. Braik obtained from Southwest for a flight from Los Angeles to San Jose was sold pursuant to an interline agreement with United or Lufthansa. To the contrary, Ms. Braik alleges unambiguously that she "separately" purchased her flight for travel between Los Angeles and San Jose— i.e., a domestic flight—from Southwest. Dkt. No. 7 at 4.

Ms. Braik also advocates the following theory of liability: Because Southwest uses the same systems for ticketing as Lufthansa and United, Southwest knew or should have known that Ms. Braik was arriving on an international Lufthansa/United flight from Poland and that she had a short connection for her domestic Southwest flight from Los Angeles to San Jose, and therefore, the "next domestic flight to [San Jose]" must be considered a "continuance of [her] international flight." *Id.* at 5. However, given Ms. Braik's allegations that she purchased a ticket for international travel between Warsaw, Poland and Los Angeles, California from Lufthansa/United, and then "separately" purchased a ticket for domestic travel between Los Angeles and San Jose from Southwest, it cannot be reasonably inferred that her Southwest flight is part of her international travel and subject to the Montreal Convention simply because she had a "short connection" that all airlines using the ticketing system could have observed.

Accordingly, the Court concludes that the amended complaint does not plausibly allege a basis for application of the Montreal Convention to Ms. Braik's dispute with defendants regarding the pet fee for a purely domestic flight between Los Angeles and San Jose. *See, e.g., Firsov v. Frontier Airlines, Inc.*, No. 25-cv-02898-SVK, 2025 WL 3239326, at *3 (N.D. Cal. Nov. 20, 2025) (finding no subject matter jurisdiction under the Montreal Convention where case involved a domestic flight purchased on a separate ticket from a prior international flight); *Yakub v. Qatar Airways Grp. (Q.C.S.C)*, No. 25-cv-041420-JCS, 2025 WL 2404959, at *2 (N.D. Cal. Aug. 8,

7

2025) (finding that plaintiff did not plausibly plead a basis for application of the Montreal Convention where plaintiff "alleges that he purchased his tickets with the three airlines separately"), *report and recommendation adopted*, No. 25-cv-04142-CRB, 2025 WL 2402684 (N.D. Cal. Aug. 19, 2025), *appeal dismissed sub nom. Yakub v. Qatar Airways Grp. QCSC*, No. 25-5592, 2025 WL 3530626 (9th Cir. Nov. 12, 2025); *Biscone v. JetBlue Airways Corp.*, 681 F. Supp. 2d 383, 387 (E.D.N.Y. 2010) (finding that plaintiff, who experienced delay of a domestic flight, lacked standing for a claim under the Montreal Convention because she was not "an international traveler"); *see also Best v. BWIA W. Indies Airways Ltd.*, 581 F. Supp. 2d 359, 363 (E.D.N.Y. 2008) (defendant airline qualified as "successive carrier" where it sold plaintiff a ticket for both her flight on defendant's plane and her flight on another airline); *Selke v. Germanwings GmbH*, 261 F. Supp. 3d 666, 679 (E.D. Va. 2017) ("[T]ickets sold pursuant to and for the purposes of an interline agreement qualify the carriers for each leg of the journey, even the first, as successive carriers under the Montreal Convention.").

### B. ADA and FSIA

With respect to her state law claims for unjust enrichment, false advertising, unfair and deceptive business practices, breach of the covenant of good faith and fair dealing, breach of contract, and negligent infliction of emotional distress, Ms. Braik invokes the ADA and the FSIA on the basis that the two laws "provide[] [the] framework to sue airlines in federal court for state claims, because superior courts could not hear this federal type of case for civil aviation." *See* Dkt. No. 7 at 7-12, 15-16.

First, the ADA expressly prohibits states from enacting or enforcing any law or regulation relating to "price, route, or service of an air carrier." *Jensen v. Virgin Atl.*, No. 12-cv-06227 YGR, 2013 WL 1207962, at *4 (N.D. Cal. Mar. 25, 2013) (citing 49 U.S.C. § 41713(b)(1)). "Congress's intent in enacting the ADA was to deregulate the airlines and rely on market forces to provide variety and quality of air transportation service." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1184 (9th Cir. 2002) (citing *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 378 (1992)). The ADA does not provide for a private right of action to enforce its provisions, and thus, the ADA does not provide a basis for federal jurisdiction. *Id.*; *see also Shrem v. Southwest*

8

*Airlines Co.*, No. 15-cv-04567-HSG, 2017 WL 1478624, at *2 (N.D. Cal. Apr. 25, 2017) (dismissing breach of contract claim because the ADA does not create a private right of action), *aff'd*, 747 F. App'x 629 (9th Cir. 2019). Therefore, Ms. Braik may not invoke the ADA as a basis for the Court to exercise federal jurisdiction over any of her claims.

Second, the FSIA "provides the sole basis for obtaining jurisdiction over a foreign state in the courts of this country." *Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993). Under the FSIA, "a foreign state is presumptively immune from the jurisdiction of United States courts; unless a specified exception applies, a federal court lacks subject-matter jurisdiction over a claim against a foreign state." *Id.* The FSIA defines a "foreign state" as an "agency or instrumentality of a foreign state." 28 U.S.C. § 1603(b). There are no allegations in the amended complaint that any defendant is an "agency or instrumentality of a foreign state" within the meaning of the FSIA. Even if defendants were "foreign states," Ms. Braik has not shown that an exception to sovereign immunity applies such that the Court may exercise federal jurisdiction over any of Ms. Braik's claims.

Accordingly, because Ms. Braik asserts no claim "arising under the Constitution, laws, or treaties of the United States," she fails to plausibly allege a basis for the Court to exercise subject matter jurisdiction in this action. *See* 28 U.S.C. § 1331.

## IV. CONCLUSION

Ms. Braik has already been given one opportunity to amend her complaint. In addition, Ms. Braik was previously advised that if "the amended complaint fails to cure the defects described [in the December 3, 2025 screening order], the Court may issue an order reassigning the case to a district judge with a recommendation that the complaint be dismissed for lack of subject matter jurisdiction and without prejudice to filing an appropriate complaint in state court." Dkt. No. 7 at 1. As discussed above, the allegations in the amended complaint are not materially different from those in the original complaint, and the Court finds no basis to conclude that there are additional facts that could be alleged on a further amendment to cure the deficiencies identified above.

In addition, Ms. Braik's filing of a substantially duplicative action following the dismissal

of *Braik I* suggests that this action is frivolous. *See Loumena v. Kennedy*, No. 15-cv-00951-LHK, 2015 WL 5963988, at *11-13 (N.D. Cal. Oct. 13, 2015) (ordering sanctions and declaring plaintiff a vexatious litigant after plaintiff filed duplicative frivolous actions which were dismissed for lack of subject matter jurisdiction), *aff'd*, 671 F. App'x 446 (9th Cir. 2016); *see also Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) ("There is no abuse of discretion where a district court dismisses under § 1915(d) a complaint 'that merely repeats pending or previously litigated claims.'") (citations omitted); *O'Loughlin v. Doe*, 920 F.2d 614, 618 (9th Cir. 1990) ("[District courts] bear an affirmative obligation to ensure that judicial resources are not needlessly squandered on repeated attempts by litigants to misuse the courts.").

For the reasons explained above, the Court recommends the amended complaint be dismissed, without leave to amend, for lack of subject matter jurisdiction, but without prejudice to filing an appropriate complaint in state court.

Because not all parties have consented to magistrate judge jurisdiction, it is ordered that this case be reassigned to a district judge.

Any party may serve and file objections to this report and recommendation within 14 days after being served. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Civil L.R. 72-3.

**IT IS SO ORDERED.**

Dated: December 30, 2025

Virginia K. DeMarchi
United States Magistrate Judge