UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA BRAIK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SOUTHWEST AIRLINES CO., et al.,<br><br>　　　　　Defendants. | Case No.  25-cv-10083-EKL<br><br>**ORDER REGARDING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND ORDERING SERVICE**<br><br>Re: Dkt. No. 8 |

Before the Court is Magistrate Judge DeMarchi's Report and Recommendation for Dismissal ("Report"), recommending that this case be dismissed without leave to amend, based on a lack of subject matter jurisdiction, and without prejudice to refiling in state court.  R. & R. at 10, ECF No. 8.  Plaintiff, who is appearing pro se, timely filed her objections to the Report.  Pl.'s Objs. to R. & R., ECF No. 10.  Having reviewed the relevant filings, the Court finds that Plaintiff has sufficiently pled subject matter jurisdiction at this stage and orders service.

Federal courts are courts of limited jurisdiction, meaning that they can only hear claims that fall within their subject matter jurisdiction.  There are two primary types of subject matter jurisdiction in federal court.  First, federal courts have federal question jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331; *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025) (explaining that "federal question jurisdiction . . . enables federal courts to decide cases founded on federal law," which usually occurs "when federal law creates the cause of action asserted" (quoting *Gunn v. Minton*, 568 U.S. 251, 257 (2013))).  Second, federal courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332.  "The amount in controversy alleged by the proponent of federal jurisdiction - typically the plaintiff in the substantive dispute - controls so long as the claim is made in good

faith. To justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010). The Court has an ongoing duty to evaluate whether it has subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Report found that Plaintiff solely invoked federal question jurisdiction. R. & R. at 5. After concluding that Plaintiff failed to state a federal claim, the amended complaint was dismissed for lack of subject matter jurisdiction. *Id.* at 9. However, in the amended complaint, Plaintiff also asserts diversity jurisdiction. Am. Compl. at 2, ECF No. 7.[1] Plaintiff alleges she is a citizen of California and that all the Defendants are not. *Id.* at 1-3. In addition to compensatory damages of approximately $1,000, Plaintiff further alleges that "Defendants should pay Plaintiff for emotional distress and punitive damages in amount TDB [sic] on trial" and that she "prays that amount will be more $75'000." *Id.* at 17. It does not "appear to a legal certainty that the claim[s] [are] really for less than the jurisdictional amount." *Geographic Expeditions*, 599 F.3d at 1106. Accordingly, without deciding whether the Court has federal question jurisdiction, the Court finds that Plaintiff has sufficiently pled diversity jurisdiction at this stage.[2]

The Clerk of Court shall issue a summons, and the U.S. Marshal for the Northern District of California shall serve, without prepayment of fees, a copy of the complaint, any amendments or attachments, the summons, and this Order upon Defendants. While this case is pending, Plaintiff must promptly inform the Court of any change of address. Failure to do so may result in dismissal of this action.

**IT IS SO ORDERED.**

Dated: April 21, 2026

_____

EUMI K. LEE
United States District Judge

---

[1] When citing the amended complaint, the Court cites to the ECF page numbers given that the amended complaint is not otherwise paginated.

[2] This Order is without prejudice to any Defendant's right to challenge the sufficiency of the operative complaint and the Court's jurisdiction, after appearing in this case.